# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE TAJONAR,<br><br>              Plaintiff,<br>v.<br><br>ECHOSPHERE, L.L.C., et al.,<br><br>              Defendants. | CASE NO. 14cv2732-LAB (RBB)<br><br>**ORDER COMPELLING ARBITRATION AND DISMISSING CASE WITHOUT PREJUDICE** |

Jose Tajonar filed this employment-related class action against Defendants, including DISH Network California Service Corporation ("DISH"). He alleges violations of the California Labor Code on behalf of himself and a putative class of others similarly situated, and also seeks to bring a representative action under California's Labor Code Private Attorneys General Act (PAGA). DISH filed a motion to compel arbitration and stay proceedings, which was unopposed.

Under Local Rule 7.1(f)(3)(c), failure to file an opposition when due can constitute a consent to the granting of a motion. The Court so construes Tajonar's non-opposition, and, on this basis alone, **GRANTS** DISH's motion. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.")

Still, the outcome would not change even if Tajonar opposed the motion now before the Court.

/ / /

**Legal Standard**

"Arbitration is a matter of contract, and the [Federal Arbitration Act (FAA)] requires courts to honor parties' expectations." *AT & T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1752 (2011). "Section 2 of the FAA creates a policy favoring enforcement of agreements to arbitrate." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008). If the FAA applies to a contract, courts must direct parties to arbitrate disputes involving issues that fall within an arbitration agreement. *See id.* So, a party seeking to compel arbitration under the FAA has the burden to show:  (1) the existence of a valid, written agreement to arbitrate in a contract; and (2) that the agreement to arbitrate encompasses the dispute at issue. *Cox*, 533 F.3d at 1119; *see also* 9 U.S.C. § 2.

**Discussion**

Tajonar signed three separate arbitration agreements, (*See* Docket no. 3, Exhibit C, D, E), signing the last and operative agreement (the "Agreement") on October 17, 2011. A valid and enforceable arbitration agreement exists.

Tajonar's claims also fall within the scope of the Agreement since they arose out of and "related to [Tajonar's] application for employment . . . and/or termination of employment." (*Id.*); *see Nanavati v. Adecco USA, Inc.*, 2015 WL 1738152, at *4 (N.D. Cal. Apr. 13, 2015 (finding labor code and PAGA claims fall within scope of agreement since they arose out of the employment and termination relationship). The only remaining issue then is whether Tajonar must arbitrate his claims individually, or on a representative basis.

Defendants argue that: (1) the Court—not an arbitrator—may decide whether class arbitration is available under the Agreement; (2) the Agreement forecloses class arbitration; and (3) because class arbitration is foreclosed, so too is class arbitration of the PAGA claim.

The Supreme Court has "not yet decided whether the availability of class arbitration" is for a judge or for an arbitrator to resolve, *Oxford Health Plans LLC v. Sutter*, 133 S.Ct. 2064, 2068 n.2 (2013), and nor has the Ninth Circuit. *See Crook v. Wyndham Vacation Ownership, Inc.*, 2015 WL 4452111, * 3 (N.D. Cal. July 20, 2015). Only two circuit courts have addressed this issue, both concluding that the availability of class arbitration is a

"question of arbitrability to be decided by the Court unless the parties clearly and unmistakably provide otherwise." *See Opalinksi v. Robert Half Int'l Inc.*, 761 F.3d 326, 332–35 (3rd Cir. 2014) ("The Supreme Court has long recognized that a district court must determine whose claims an arbitrator is authorized to decide"); *Reed Elsevier, Inc. v. Crockett*, 734 F.3d 594, 597–99 (6th Cir. 2013) ("the question whether an arbitration agreement permits classwide arbitration is a gateway matter, which is reserved for 'judicial determination'")).The Court agrees with *Opalinksi* and *Crockett*. Because the Agreement doesn't "clearly and unmistakably provide" that an arbitrator must decide whether to permit class arbitration, the Court decides this issue.

"[A] party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 684 (2010). Here, the Agreement says nothing about class arbitration and concerns Tajonar only:

> This Mandatory arbitration of Disputes—Waiver of Rights Agreement ("Agreement) made this 17[th] day of Oct[ober], 2011, is between DISH Netowrk L.L.C. and all of its affiliates . . . and Jose Tajonar ("Employee") . . . the Employee and DISH Network agree that any claim, controversy and/or dispute between them, arising out of and/or in any way related to Employee's application for employment . . . and/or termination of employment, whenever and wherever brought, shall be resolved by arbitration.

(Docket no. 3, Exhibit 3-E.) The Agreement makes "no reference to employee groups, putative class members, other employees, or other employees' claims or disputes." *Chico v. Hilton Worldwide, Inc.*, 2014 WL 5088240, at *12 (C.D. Cal. Oct. 7, 2014). Since the Agreement doesn't authorize class arbitration, Tajonar must arbitrate individually.

For the same reasons, Tajonar cannot arbitrate his PAGA claims on a representative basis. The FAA bars "conditioning the enforceability of certain arbitration agreements on the availability of classwide arbitration procedures." *Concepcion*,131 S. Ct. at 1752. "Because arbitration of representative PAGA claims would fundamentally change the nature of arbitration, it cannot be presumed that the parties consented to arbitration of representative PAGA claims simply because they agreed to submit their disputes to an arbitrator." *Chico*, 2014 WL 5088240, at *12. Tajonar must arbitrate his PAGA claims individually.

**Conclusion**

Once a court determines that an arbitration clause is enforceable, it has the discretion to either stay the case pending arbitration or to dismiss the case if all of the alleged claims are subject to arbitration. *See Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988). Since Tajonar's claims are subject to arbitration, the Court **GRANTS** DISH's unopposed request to dismiss this case without prejudice. The pending motion to amend the first amended complaint (Docket no. 26) is **DENIED** as moot, and the Clerk is instructed to close this case.

**IT IS SO ORDERED**.

DATED: August 10, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge