# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE TAJONAR,<br><br>                            Plaintiff,<br>  vs.<br>ECHOSPHERE LLC, et al. ,<br><br>                            Defendants. | CASE NO. 14cv2732-LAB (RBB)<br><br>**ORDER ON MOTION FOR RECONSIDERATION** |

This is an employment case brought by Jose Tajonar against Dish Network California Service Corporation, Dish Network Corporation, Dish Network Service L.L.C., and Echosphere L.L.C. (Collectively "Dish"). Dish moved to compel arbitration and dismiss Tajonar's class and representative claims. (Docket no. 3.) The Court initially granted Dish's motion. (Docket no. 33.) Then it requested briefing on Tajonar's motion for reconsideration. (Docket no. 35.)

Tajonar agrees that his individual claims should be arbitrated. (Docket no. 45 at 2.) He contends, however, that his class and representative claims shouldn't be dismissed. (*Id.*) Instead, he contends, the arbitrator should decide whether his class and representative claims are arbitrable, not the Court. (*Id.*)

/ / /

/ / /

**Arbitration of Class Claims**

"[T]he availability of class arbitration is a question of arbitrability to be decided by the Court unless the parties clearly and unmistakably provide otherwise." (Docket no. 33 at 2–3.) The parties' arbitration agreement refers to the AAA National Rules for the Resolution of Employment Disputes, and the AAA's Supplementary Rules for Class Arbitration provide that an arbitrator will decide whether the applicable arbitration clause permits the arbitration to proceed against a class. (Docket no. 3, Exhibit 3-E; Docket no. 45, Exhibit 3 at ¶ 3.) Based on this provision in the AAA's Supplementary Rules, Tajonar maintains that the parties *did* sufficiently elect to defer to the arbitrator on the availability of class arbitration. (Docket no. 45 at 6.)

There's support for Tajonar's argument. *See, e.g., Accentcare, Inc. v. Jacobs*, 2015 WL 6847909, at *3 (N.D. Cal. Nov. 9, 2015). *Accentcare* pointed out that the AAA's National Rules provide that the "arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." *Id.* And the AAA's Supplementary Rules provide that "the arbitrator shall determine as a threshold matter, in a reasoned, partial final award on the construction of the arbitration clause, whether the applicable arbitration clause permits the arbitration to proceed on behalf of or against a class." *Id.* Thus, because the arbitration agreement at issue there incorporated the National Rules, the court concluded that there was "a clear and unmistakable agreement to have the arbitrator decide questions regarding the arbitrability of class-wide claims." *Id.*; *see also Oracle Am., Inc. v. Myriad Grp. AG*, 724 F.3d 1069, 1074 (9th Cir. 2013) ("Virtually every circuit to have considered the issue has determined that incorporation of the [AAA's] arbitration rules constitutes clear and unmistakable evidence that the parties agreed to arbitrate arbitrability.").

The Court agrees with the reasoning in *Accentcare*. Tajonar's class claims shall be presented to an AAA arbitrator to decide if they should be arbitrated.

/ / /

/ / /

**Arbitration of Representative Claims**

The Court initially held that Tajonar can't arbitrate his Private Attorneys General Act ("PAGA") claims on a representative basis. (Docket no. 33 at 3.) After the Court issued its order, however, the Ninth Circuit issued *Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425 (9th Cir. 2015). There, the Court concluded that "[a]greements waiving the right to bring 'representative' PAGA claims . . . are unenforceable under California law." *Id.* at 431. And it remanded the case for the district court to decide whether the parties had agreed to arbitrate or litigate the representative PAGA claims. *Id.* at 440. As with the class claims, the Court concludes that Tajonar's representative PAGA claims shall be presented to an AAA arbitrator to decide if they should be arbitrated.

**Conclusion**

Tajonar's motion for reconsideration is **GRANTED**. All of Tajonar's claims shall be presented to an AAA arbitrator to decide if they should be arbitrated. This case is **STAYED** while the arbitrator decides on the availability of arbitration of Tajonar's class and representative claims. The arbitrator shall make this decision by September 26, 2016. Tajonar shall notify the Court within 14 calendar days after the arbitrator makes that decision. This case will be dismissed if the arbitrator decides that all of the claims are subject to arbitration, or if Tajonar doesn't notify the Court of the arbitrator's arbitrability decision by September 26, 2016. *See Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 638 (9th Cir. 1988).

**IT IS SO ORDERED**.

DATED: June 27, 2016

**HONORABLE LARRY ALAN BURNS**
United States District Judge